IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

BRYAN KEITH ROBINSON            §

v.                              §     CIVIL ACTION NO. 6:06cv328

DIRECTOR, TDCJ-CID              §

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT

The Petitioner Bryan Robinson, proceeding *pro se*, filed this application for the writ of habeas corpus under 28 U.S.C. §2254 complaining of the legality of prison disciplinary action taken against him. This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Robinson says that he was charged with the disciplinary offense of attempted extortion, receiving as punishment a reduction in classification status and the loss of 90 days of good time credits. Robinson is eligible for release on mandatory supervision and so the Magistrate Judge properly assumed that the punishment imposed implicated a constitutionally protected liberty interest.

In his petition, Robinson said that the evidence was insufficient to support the conviction because the disciplinary case alleged that he "gave an address" to the alleged victim, George Grant, but there was no address present.[1] He stated that Grant lied in an effort to get transferred and that he, Robinson, had witnesses who would testify that Robinson never tried to extort Grant. Robinson

---

[1] The charge said that Robinson told Grant that he would have to pay protection and that Robinson would give Grant his mother's address so that Grant's family could send money there.

added that Grant filed a life endangerment claim saying that he, Grant, had been assaulted by a prisoner named Crosby because Grant had "violated the rules of the gang," but that Robinson had nothing to do with this. Finally, Robinson said that he was denied due process because extortion involves an appropriation of property from another person by coercion, deception, or violence, but that he never had or received any such property, nor did he make anyone do anything by means of coercion, deception, or violence.

The Magistrate Judge ordered the Respondent to answer the petition, and an answer was filed. This answer asserted that Robinson did not exhaust his administrative remedies on the claims that he was denied the chance to call witnesses and that he was denied due process because the disciplinary action did not meet the definition of extortion. The Respondent also argued that sufficient evidence was presented to uphold the finding of guilt and that Robinson was not denied due process because he was able to present the statements of his witnesses at the hearing.

After review of the records in the case, including the tape of the disciplinary proceeding, the Magistrate Judge issued a Report on November 22, 2006, recommending that the petition be denied. The Magistrate Judge noted that under Fifth Circuit precedent, prison disciplinary cases would be overturned for insufficient evidence only when there is no evidence whatsoever to support the result reached. *See, e.g.*, Hudson v. Johnson, 242 F.3d 534, 536 (5th Cir. 2001). Under this standard, the Magistrate Judge said, Robinson's claim of evidentiary insufficiency was without merit; while the note given by Robinson to Grant did not have the address where the extortion payments were supposed to be made, the charging officer, May, testified that Grant had told her that Robinson gave him the address. The Magistrate Judge observed that an officer's report, by itself, is sufficient to uphold a finding of guilt. Hudson, 242 F.3d at 536-37. The Magistrate Judge also rejected Robinson's contention that he received no property and did not extort anything, noting that Robinson was not charged with extortion but rather attempted extortion.

Next, the Magistrate Judge said that Robinson's assertion that Grant was simply trying to use him to get transferred was a matter to be resolved by the finder of fact, who resolved the issue

2

contrary to Robinson. A *de novo* review of the evidence is not required, and the Constitution requires due process, not error-free decision making. Hence, the Magistrate Judge said, even if the hearing officer made a mistake in believing the charging officer rather than Robinson, this did not in itself show a due process violation.

With regard to Robinson's contention that he was denied witnesses, the Magistrate Judge stated that Robinson was allowed to offer the statements of these witnesses into evidence, and that Robinson did not have a constitutional right to receive live testimony from his witnesses. In addition, the Magistrate Judge stated that the witness statements given were little more than character references, with no showing that the assertion that Robinson did not try to extort Grant was based on personal knowledge. To the extent that Robinson complained that Crosby was not called as a witness, the Magistrate Judge observed that Robinson said that Crosby would have testified that he, rather than Robinson, had assaulted Grant, but Robinson offered nothing to show that Crosby would have in fact made such a confession. Finally, the Magistrate Judge reiterated that the charge against Robinson was one of attempted extortion, not extortion, and concluded that the evidence at the hearing was sufficient to show that Robinson was guilty of the offense of attempted extortion. Accordingly, the Magistrate Judge recommended that relief be denied.

Robinson filed objections to the Magistrate Judge's Report on December 14, 2006. In his objections, Robinson says that the record "clearly shows" that the evidence was insufficient to support the charge, because the basis of the claim was that he gave Grant a note with the address of his family on it, but the note clearly shows that no address was present. He says that no mention was made of the fact that Grant had filed a life endangerment complaint two weeks before he claimed that he had been extorted, and that the investigation into this complaint showed that Grant was falsely accusing Robinson as a way to protect his gang family. Second, Robinson says, when this disciplinary case was investigated, Sgt. Forte received a statement from Crosby and Crosby's name was put "on the back of the case," but Robinson was prevented from questioning Crosby because the administration knew that Grant was just trying to get shipped. He says that he had a statement

from Crosby as to what he, Crosby, would have testified to, but no statement is attached and Robinson fails to show what happened to such a statement. He cites Morgan v. Dretke, 433 F.3d 455 (5th Cir. 2006) in support of his contention that the evidence was insufficient.

In Morgan, the petitioner George Morgan was stopped by an officer named Hunt for inspection of an envelope which Morgan was carrying. During the inspection, Hunt took the envelope and ordered Morgan to submit to a strip search. Morgan initially refused, but ultimately complied. After Hunt completed the search, Morgan demanded the return of the envelope, and when Hunt did not comply, Morgan charged him and struck Hunt with his shoulder. Hunt filed an offense report charging Morgan with a Level One, Code 3.3 offense, which included as an element assault resulting in a non-serious injury; however, the charging document showed that the assault had resulted in no injury. The disciplinary hearing officer found Morgan guilty and assessed punishment of 45 days of recreation and commissary restrictions, 42 hours of extra duty. 15 days of solitary confinement, reduction in classification status, and the loss of 180 days of good time.

In his federal habeas petition, Morgan argued that he was denied due process in the disciplinary proceeding, but the district court granted summary judgment for TDCJ and denied a certificate of appealability. On appeal, Morgan argued that the evidence was insufficient to sustain the disciplinary conviction because there was no evidence to show that the officer was injured, and that the district court erred by determining that the TDCJ rulebook contained no provision for disciplining a prisoner who assaulted an officer with no injury resulting.

The prison disciplinary rules provided that assaulting an officer without a weapon, resulting in a non-serious injury, was a Level One, Code 3.3 offense. The Fifth Circuit stated that this case was unique among disciplinary cases in the circuit because the evidence in the record did not fit the charge.

The Fifth Circuit explained that there was no question that the evidence supported the conclusion that Morgan had assaulted Hunt with his shoulder; however, a Code 3.3 offense requires a showing of a non-serious injury, and in this case, both sides agreed that Hunt had suffered no injury

at all. Hence, the Fifth Circuit determined that there was insufficient evidence to support a finding of a Code 3.3 offense.

The district court concluded that the Texas prison disciplinary rules had no provision for disciplining an inmate who assaults an officer without injury resulting, and said that "there is no question that a prison should be able to impose severe disciplinary sanctions on a prisoner who assaults an officer, even with no injury resulting." The district court therefore interpreted Code 3.3 as including assaults even where no injury results. The district court arrived at this conclusion by analogizing to Texas state criminal law, which does not require injury for a conviction of assault, However, the Fifth Circuit held that this comparison was irrelevant, because Morgan was not convicted under Texas criminal law, but the disciplinary rules of TDCJ-CID.

In addition, the district court said that the lack of a "no injury" provision in Code 3.3 was "an oversight" and that this oversight should not mean that the prison cannot punish inmates who assault officers even when no injury results. The Fifth Circuit said that this was incorrect because the Texas disciplinary rules contain several ways in which prisoners who assault officers without causing injury can be punished. For example, the Court said, it is a Level 2, Code 46 offense for an inmate "to make unauthorized physical contact with any person not an offender, and it is a Level 1, Code 10 offense for an inmate to commit any felony, including assault under the criminal laws of Texas. The disciplinary rules also prohibit attempts to commit offenses. However, the Fifth Circuit said that no one suggested that Morgan had attempted to injure Hunt, and Morgan was not charged with a Code 46 or Code 10 offense.

The Fifth Circuit then rejected the Respondent's contention that the mere fact that Morgan knew that his conduct was unlawful was sufficient to support the conviction. The Court said that the Level One offense of "assaulting an officer with no injury resulting" was a creation of the hearing officer and the district court, and had no basis in the disciplinary rules. Thus, the Court said, the Respondent had no authority to punish Morgan for a non-existent offense.

In the present case, Robinson has failed to show that he was punished for a non-existent offense or that an essential element was missing. The critical difference between his case and Morgan's is that Robinson was charged with an attempt to extort, and not extortion *per se*. The requirement that Robinson actually receive property by coercion, deception, or force is not present in an attempted extortion, which is a preparatory offense. The Fifth Circuit specifically noted in Morgan that the petitioner was not charged with attempted assault and that no one suggested that Morgan had attempted to injure Hunt. Had Robinson been charged with extortion, rather than attempted extortion, he could possibly have a plausible argument that under Morgan, an essential element of the offense was missing. However, he has not shown that any essential element of the offense of attempted extortion was missing from the charge or the evidence presented in the disciplinary proceeding. Robinson's objections on this ground are without merit.

Robinson also asserts that Sgt. Forte was given a statement from Crosby while investigating the case, but that he, Robinson, was denied the right to question Crosby at the hearing. Although Robinson claims that he had a statement showing the substance of what Crosby would have testified to, the record is devoid of any such statement. The Magistrate Judge aptly observed that under Fifth Circuit precedent, without evidence in the record, a court cannot consider a habeas petitioner's bald assertions on a critical issue in his pro se petition (in state and federal court), unsupported and unsubstantiated by anything else contained in the record, to be of probative evidentiary value. Ross v. Estelle, 694 F.2d 1008, 1011-12 and n.2 (5th Cir. 1983). In addition, even had Crosby in fact assaulted Grant at a previous point in time, and was willing to confess to this assault in Robinson's disciplinary hearing, this does not show that Robinson was not also guilty of attempted extortion. Robinson's objection on this point is without merit.

The Court has conducted a careful *de novo* review of the pleadings in this cause, including the original petition, the answer filed by the Respondent, the state records, the Report of the Magistrate Judge, the Petitioner's objections thereto, and all other pleadings, documents, and records

in the case. Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the objections of the Petitioner are without merit. It is accordingly

ORDERED that the Petitioner's objections are overruled and that the Report of the Magistrate Judge is ADOPTED as the opinion of the District Court. It is further

ORDERED that the above-styled application for the writ of habeas corpus be and hereby is DISMISSED with prejudice. Finally, it is

ORDERED that any and all motions which may be pending in this action are hereby DENIED.

**SIGNED this 3rd day of January, 2007.**

_____
MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE